IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                                                                         No. CR 23-1078 JB

LOGAN NELSON,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the parties' request that the Court decide Nelson's potential sentencing range, see Transcript of Hearing at 32-33, taken April 15, 2025 (Court, Hart, Duchaussee)("Tr.")[1]; (ii) the United States' Brief in Support of Determination of Mandatory Minimum Federal Sentences for Assimilated New Mexico First-Degree Felony Offenses, filed April 18, 2025 (Doc. 58)("US Brief"); and (iii) the Defendant's Briefing Regarding Determination of Existence of Statutory Mandatory Minimum Sentence, filed April 18, 2025 (Doc. 59)("Nelson Brief"). The primary issue is whether the appropriate penalty for Defendant Logan Nelson's New Mexico first-degree felony offense as assimilated under the Indian Major Crimes Act, 18 U.S.C. § 1153 ("IMCA"), has: (i) a mandatory minimum of twelve years and a maximum of twenty-four years, or (ii) no mandatory minimum sentence, but is sentenced pursuant to the United States Sentencing Guidelines ("Guidelines"). The Court concludes that Nelson's offense has a mandatory minimum of twelve years and a maximum of twenty-four years because under New Mexico law, Nelson's sentence for first-degree felony can be no lower than twelve

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

years and no greater than twenty-four years. The applicable sentencing scheme effectively functions as a mandatory minimum and mandatory maximum sentence.

## FACTUAL BACKGROUND

The Court takes the allegations in the Indictment, filed July 13, 2023 (Doc. 2), as the factual background. Nelson, an enrolled member of the Navajo Nation, was the parent to a minor under the age of eighteen, Jane Doe. See Indictment at 1. Jane Doe suffers five fractures to her ulna, humerus, ribs, tibias, and right fibula. See Indictment at 1-2. A federal grand jury indicts Nelson on July 13, 2023, of three counts of Abandonment and Abuse of a Child, Recklessly Caused, Resulting in Great Bodily Harm in violation of the IMCA, 18 U.S.C. § 1153, and NMSA § 30-6-1(D). See Indictment at 1-2.

## PROCEDURAL BACKGROUND

On April 15, 2025, the Court held a pretrial conference. See Clerk's Minutes at 1, filed April 15, 2025 (Doc. 57). At the pretrial conference, the parties inform the Court of an ongoing legal dispute concerning the sentencing of Nelson's child abuse crime under the IMCA, which could affect trial proceedings. See Tr. at 3 (Hart). Nelson's counsel, Nicholas T. Hart, explains to the Court that the issue is whether Nelson's child abuse crime, as assimilated under the IMCA, has a mandatory minimum sentence. See Tr. at 31-32 (Hart). Mr. Hart requests that the Court rule on the issue and, specifically, rule on how United States v. Jones, 921 F.3d 932 (10th Cir. 2019), applies to Nelson. See Tr. at 32 (Hart). The United States agrees to have the Court rule on the issue. See Tr. at 38 (Duchaussee). Both parties agree to submit briefing. See Tr. at 39 (Court).

The Court summarizes both parties' briefing. The United States first explains that the IMCA incorporates "the minimum and maximum sentences State law establishes for that particular crime." US Brief at 4 (quoting United States v. Wood, 386 F.3d 961, 962 (10th Cir. 2004)). The

United States then explains that, under New Mexico law, first-degree felonies have a "basic sentence" of eighteen years, NMSA § 31-18-15, that can be mitigated or aggravated by up to a third of the basic sentence, see NMSA § 31-18-15.1.  See US Brief at 5.  The United States, therefore, argues that Nelson's minimum sentence for the first-degree felony is twelve years, and the maximum is twenty-four years.  See US Brief at 5.

Nelson argues that a New Mexico first-degree felony's "basic sentence" of eighteen years is not a mandatory sentence, whether minimum or maximum.  Nelson Brief at 2-3.  Nelson cites several United States Court of Appeals for the Tenth Circuit cases to support the argument that, by way of the IMCA, the Court can incorporate only maximum and minimum sentences under New Mexico law and not alterable sentences like a basic sentence.  See Nelson Brief at 4 (quoting United States v. Jones, 921 F.3d at 941 ("Under [United States v. Garcia, 893 F.2d 250 (10th Cir. 1989)] and [United States v. Wood, 386 F.3d 961 (10th Cir. 2004)], only the 'maximum and minimum terms established by state law' are incorporated via the ACA and the IMCA."); id. at 940 (explaining that a basic sentence is not a mandatory sentence, because it can be mitigated or aggravated, or suspended or deferred, under State law).

## LAW REGARDING THE ASSIMILATIVE CRIMES ACT

The Assimilative Crimes Act, 18 U.S.C. § 13 ("ACA") was enacted in the 1820's during a time "when federal criminal statutes were few" and, thus, federal enclaves "were pretty literally lawless."  United States v. Christie, 717 F.3d 1156, 1170 (10th Cir. 2013).  The ACA assimilates State law for crimes committed within federal territorial jurisdiction:

> Whoever [in an area under federal jurisdiction] . . . is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State . . . in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13(a).  "The ACA's basic purpose is one of borrowing state law to fill gaps in the federal criminal law that applies on federal enclaves."  Lewis v. United States, 523 U.S. 155, 160 (1998).  "[T]he ACA's language and its gap-filling purpose taken together indicate that a court must first ask the question that the ACA's language requires: is the defendant's 'act or omission . . . made punishable by any enactment of Congress.'"  Lewis v. United States, 523 U.S. at 164 (quoting the ACA, 18 U.S.C. § 13(a)).  The Supreme Court further clarifies: "If the answer to this question is 'no,' that will normally end the matter.  The ACA presumably would assimilate the statute."  Lewis v. United States, 523 U.S. at 164.  The Supreme Court then explains:

> If the answer to the question is "yes," however, the court must ask the further question whether the federal statutes that apply to the "act or omission" preclude application of the state law in question, say because its application would interfere with the achievement of a federal policy, see Johnson v. Yellow Cab Transit Co., 321 U.S. 383, 389-390, 88 L. Ed. 814, 64 S. Ct. 622 (1944), because the state law would effectively rewrite an offense definition that Congress carefully considered, see Williams[v. United States], 327 U.S. [711,] 718 [(1946)], or because federal statutes reveal an intent to occupy so much of a field as would exclude use of the particular state statute at issue, see id., at 724 (no assimilation where Congress has "covered the field with uniform federal legislation").

Lewis v. United States, 523 U.S. at 164 (the Court adds brackets).  "[T]he Act will not apply where both state and federal statutes seek to punish approximately the same wrongful behavior -- where, for example, differences among elements of the crimes reflect jurisdictional, or other technical, considerations, or where differences amount only to those of name, definitional language, or punishment."  Lewis v. United States, 523 U.S. at 165.

### LAW REGARDING THE INDIAN MAJOR CRIMES ACT

The IMCA provides a similar gap-filling function as the ACA, but specifically for Indian crimes against other Indians -- people or property -- on Indian lands.  See United States v. Jones, 921 F.3d 932, 935 (10th Cir. 2019).  The IMCA "authorizes the prosecution in federal court of an

Indian charged with the commission on an Indian reservation of certain specifically enumerated offenses." Keeble v. United States, 412 U.S. 205, 205-06 (1973). 18 U.S.C. § 1153 provides:

> (a)   Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, assault with intent to commit murder, assault with a dangerous weapon, assault resulting in serious bodily injury (as defined in section 1365 of this title), an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.
>
> (b)   Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

18 U.S.C. § 1153.  Under the IMCA, "[t]he government may use state law only when federal law does not define and punish the Major Crimes Act offense." United States v. Other Medicine, 596 F.3d 677, 681 (9th Cir. 2010).  Nevertheless, prosecutors are not required "to charge a crime defined and punished by federal law when a defendant's conduct fits such a crime," when "the defendant's conduct also fits a separate Major Crimes Act crime defined and punished by state law." United States v. Other Medicine, 596 F.3d at 682.  This result is based on the statute's defined and punished language, and because a defendant's underlying conduct may, in a given case, result in commission of a variety of different criminal offenses.  See 18 U.S.C. § 1153(b); Negonsott v. Samuels, 507 U.S. 99, 104 (1993)("[C]onduct resulting in [a] conviction for aggravated battery is punishable as at least two offenses listed in the Indian Major Crimes Act . . . ."); United States v. Other Medicine, 596 F.3d at 682 ("An 'offense' is the legally defined crime, not the underlying criminal conduct.").  For federal law to define an offense under the IMCA, "[t]he law used to define an offense . . . must contain all descriptors Congress used to label

the crime." United States v. Other Medicine, 596 F.3d at 681.  For example, federal burglary statutes that punish certain burglary offenses, including burglary of a post office, a railway or steamboat post office, or burglaries involving controlled substances, do not preclude the use of state burglary statutes under the IMCA when the charged conduct involves burglary of a residence.  See United States v. Bear, 932 F.2d 1279, 1281 (9th Cir. 1990), superseded by statute on other grounds, Sentencing Reform Act, 18 U.S.C. § 3551(a).

The IMCA "originally allowed for prosecution of seven offenses."  United States v. Other Medicine, 596 F.3d at 680.  "Congress has added other crimes over time, and in 2006 it added a fifteenth: 'felony child abuse or neglect.'"  United States v. Other Medicine, 596 F.3d at 680 (quoting 18 U.S.C. § 1153(a); Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, § 215, 120 Stat. 587, 617 (2006)).  "The addition of this particular crime was originally proposed in the Indian Child Protection and Family Violence Prevention Amendments of 2006 'to close the gap that exists in addressing the full range of crimes that may be inflicted on children.'"  United States v. Other Medicine, 596 F.3d at 680 (quoting S. Rep. 109-255, at 5 (2006)).  As the United States Court of Appeals for the Ninth Circuit explains, federal prosecutors' ability to prosecute offenses committed against children has changed significantly following this 2006 amendment:

> Before the addition of felony child abuse or neglect, the Major Crimes Act did provide jurisdiction to prosecute "assault against an individual who has not attained the age of 16 years."  Because assault on a minor is defined and punished by a federal misdemeanor provision, however, federal prosecutors could pursue child abuse cases on reservations only as misdemeanors.  The addition of felony child abuse or neglect allows prosecutors to reach more serious cases of child abuse, as well as severe neglect or sexual abuse not constituting assault.

United States v. Other Medicine, 596 F.3d at 680-81.  See United States v. Ganadonegro, 854 F. Supp. 2d 1068, 1071-72 (D.N.M. 2012)(Browning, J.)(holding that the United States can prosecute

the defendant for New Mexico negligent child abuse resulting in death, see NMSA § 30-6-1(D)(1), under the IMCA and need not rely on the ACA).

## ANALYSIS

First, the Court reviews how the United States prosecutes Nelson for a New Mexico first-degree felony under the IMCA and summarizes the dispute whether State or federal sentencing rules apply: either the sentencing range for New Mexico first-degree felony or the sentencing range under the federal Guidelines.  Next, the Court concludes that the sentencing range for New Mexico first-degree felony applies, because it effectively imposes a mandatory minimum and maximum; in contrast, the sentencing range for New Mexico second-degree felony in United States v. Jones, 921 F.3d at 941, does not impose a mandatory minimum and maximum and therefore is distinguishable from Nelson's case.

**I.     THE SENTENCING RULES FOR NEW MEXICO FIRST-DEGREE FELONY APPLY.**

Under the IMCA, when an Indian commits certain nonfederal crimes on Tribal land, federal criminal law incorporates State criminal law.  See IMCA 18 § U.S.C. § 1153(b).  Here, Nelson allegedly commits child abuse on a reservation, and, although child abuse is not a standalone federal crime, it is a New Mexico State crime, NMSA § 30-6-1(D).  See Indictment at 1-2.  The United States, thus, prosecutes Nelson for child abuse under NMSA § 30-6-1(D) as an assimilated federal crime under the IMCA.  Child abuse under NMSA § 30-6-1(D) is a first-degree felony.  See NMSA § 30-6-1(E).  It is undisputed, therefore, that the Indictment's charge is for a first-degree felony.  See US Brief at 5; Nelson Brief at 2.

The federal court must sentence assimilated crimes under the IMCA in accordance with the Guidelines.  See 18 U.S.C. § 3551(a) ("Except as otherwise specifically provided, a defendant

who has been found guilty of an offense described in any Federal statute, including sections 13 and 1154 of this title . . . shall be sentenced in accordance with the provisions of this chapter")(the Court adds ellipses); <u>United States v. Wood</u>, 386 F.3d at 962 ("A district court must sentence any defendant found guilty of violating a federal criminal statute, including the IMCA, in accordance with the Guidelines.").  The Tenth Circuit holds that the Guidelines require the federal court to impose a sentence between "the minimum and maximum sentences State law establishes" for the assimilated crime.  <u>United States v. Wood</u>, 386 F.3d at 962.  Years later, the Tenth Circuit additionally holds that the federal court must sentence "within the range of discretion permitted to a state judge."  <u>United States v. Jones</u>, 921 F.3d at 936 (citing <u>United States v. Garcia</u>, 893 F.2d at 254).  As a result, the parties dispute what the sentencing range is for Nelson's crime.  Nelson interprets New Mexico law as not having any mandatory minimum sentence and, therefore, applying the Guidelines results in a possible sentence between zero years and New Mexico first-degree felony's basic sentence of eighteen years.  <u>See</u> Nelson Brief at 7.  In contrast, the United States interprets New Mexico law as having a mandatory minimum and maximum sentence between twelve and twenty-four years.  <u>See</u> Nelson Brief at 1, US Brief at 1.

**II.    NEW MEXICO FIRST-DEGREE FELONY HAS A MANDATORY MINIMUM AND MAXIMUM SENTENCE.**

For a first-degree felony, New Mexico imposes an eighteen-year "basic sentence."  NMSA § 31-18-15(A)(establishing the "basic sentences of imprisonment" for first-degree through fourth-degree noncapital felonies).  Additionally, New Mexico permits the trial court to alter any basic sentence of the noncapital felonies in NMSA § 31-18-15(A) by up to "one-third" of the sentence, NMSA § 31-18-15.1(G), upon finding "mitigating circumstances" or "aggravating

circumstances," NMSA § 31-18-15.1(A).[2]  Here, if a jury finds Nelson guilty of child abuse, the Court can impose an eighteen-year basic sentence, but also can find mitigating circumstances warranting up to a six-year reduction or aggravating circumstances warranting up to a six-year increase: effectively-at-minimum a twelve-year sentence or effectively-at-maximum a twenty-four-year sentence.

Nelson argues that, because the State child abuse statute, NMSA § 30-6-1, imposes only a basic sentence with "no express minimum term of imprisonment" under NMSA § 31-18-15, no mandatory minimum sentence exists.  See Nelson Brief at 5.  The Court, however, concludes that, although a New Mexico does not explicitly impose a mandatory minimum or maximum sentence for a first-degree felony, the combined basic sentence for first-degree felony under NMSA § 31-18-15 with the limited mitigating and aggravating adjustments under NMSA § 31-18-15.1 effectively serves the same function as a mandatory range.  There is no circumstance where the Court can sentence Nelson below twelve years; therefore, a twelve-year sentence is a mandatory minimum sentence.  Similarly, there is no circumstance where the Court could sentence Nelson above twenty-four years; therefore, a twenty-four year sentence is the maximum sentence.

The Court also notes that New Mexico State courts have some leeway to suspend or defer sentences, which, in many instances, eliminates any effectively-at-minimum or effectively-at-maximum sentence that the mitigating or aggravating adjustment statute, NMSA § 31-18-15, permits.  See NMSA § 31-20-3.  This leeway, however, excludes crimes that are a first-degree felony or a capital felony:

> Upon entry of a judgment of conviction of any crime not constituting a capital or first degree felony, any court having jurisdiction when it is satisfied that the ends

---

[2]The Court must find "aggravating circumstances" beyond a reasonable doubt.  NMSA NMSA § 31-18-15.1(A)(2).

>   of justice and the best interest of the public as well as the defendant will be served thereby, may either:
>
>   **A.**  enter an order deferring the imposition of sentence;
>
>   **B.**  sentence the defendant and enter an order suspending in whole or in part the execution of the sentence; or [. . . ]

NMSA § 31-20-3(A)-(B)(the Court adds the ellipses).  See State v. Santallanes, 2001-NMSC-018, ¶ 31, 130 N.M. 464, 477, 27 P.3d 456, 470 (2001)(explaining that those convicted of a first-degree felony must serve the mandatory term of imprisonment under NMSA § 31-8-15(A)(1), and that such convictions are excluded from discretionary suspended sentences or deferred sentencing under NMSA § 31-20-3).

Nelson cites to United States v. Jones, in which the Tenth Circuit concludes that New Mexico's basic sentence for the defendant's assimilated crime -- a second-degree felony -- is not a mandatory minimum sentence because the court can suspend or defer the sentence under NMSA § 31-20-3.  See 921 F.3d at 941.  In United States v. Jones, the district court makes a sentencing miscalculation, adding twelve-months to what should have been only a twenty-eight month sentence.  See 921 F.3d at 933.  The United States argues, however, that the miscalculation is harmless because Jones' second-degree felony conviction is subject to a six-year, or seventy-two month, mandatory minimum sentence under New Mexico law.  See United States v. Jones, 921 F.3d at 933.  Disagreeing with the United States, the Tenth Circuit explains that, while New Mexico second-degree felony has a basic sentence of nine years, see NMSA § 31-18-15(A)(7), and mitigating circumstances can reduce the sentence to six years, see NMSA § 31-18-15.1, courts can reduce the defendant's second-degree felony sentence to as low as zero years or even "defer sentencing entirely," United States v. Jones, 921 F.3d at 941 (citing NMSA § 31-20-3).  NMSA § 31-20-3 permits courts to "enter an order suspending in whole or in part the execution of the

sentence" or "enter an order deferring the imposition of sentence," N.M. Stat. Ann. § 31-20-3(A)-(B).  The Tenth Circuit concludes that, "under the New Mexico sentencing scheme, Mr. Jones would not be required to serve six years -- he would not be required to serve any period of incarceration or even to receive any sentence at all." United States v. Jones, 921 F.3d at 941.  No mandatory minimum sentence exists for the defendant's New Mexico second-degree felony crime.  See 921 F.3d at 941.

The Tenth Circuit then contrasts the defendant's no-mandatory-minimum crime with New Mexico's aggravated driving-while-intoxicated ("DWI") crime.  921 F.3d at 941.  In New Mexico, a third aggravated-DWI offender faces a mandatory minimum jail term of ninety days, and this sentence "could not be suspended, deferred, or taken under advisement."  921 F.3d at 941 (citing State v. Martinez, 1998-NMSC-023, 126 N.M. 39, 966 P.2d 747; NMSA § 66-8-102).  The Tenth Circuit, therefore, concludes that the ninety-day jail term is a mandatory minimum, since "the New Mexico Supreme Court defined the minimum mandatory sentence as the part of the sentence that the legislature had indicated could not be suspended, deferred, or taken under advisement."  United States v. Jones, 921 F.3d at 941.

Here, Nelson's first-degree felony has a discrete sentencing scheme from the second-degree felony in United States v. Jones.  NMSA § 31-20-3, which permits courts to suspend or to defer sentences, does not apply to Nelson, because the statute excludes first-degree felonies.  Unlike the defendant in United States v. Jones who is not required to serve any period of incarceration "or even to receive any sentence at all," 921 F.3d at 941, because of NMSA § 31-20-3's application, here, Nelson must serve, at minimum, a twelve-year sentence.  See NMSA § 31-18-15(A) (establishing a basic sentence of eighteen years for New Mexico first-degree felony); id. at NMSA § 31-18-15.1 (lowering or raising the eighteen-year basic sentence by no more than six

years).  Although the Tenth Circuit notes that New Mexico courts do not interpret State law to impose a mandatory minimum sentence "in every instance," United States v. Jones, 921 F.3d at 941, New Mexico first-degree felony -- just like the third-offense DWI crime the Tenth Circuit compares United States v. Jones -- is an instance where a mandatory minimum exists, because the court cannot suspend or defer the sentence.  As a result, the crime's basic sentence combined with limited mitigating and aggravating sentence adjustments functions effectively as a mandatory minimum and maximum sentence.  The Court, therefore, concludes that New Mexico's eighteen-year basic sentence for first-degree felony with a mitigating or aggravating adjustment of at most six years results in a mandatory minimum sentence of twelve years and a mandatory maximum sentence of twenty-four years.

**IT IS ORDERED** that the appropriate penalty for Defendant Logan Nelson's New Mexico first-degree felony offense as assimilated under the Indian Major Crimes Act, 18 U.S.C. § 1153, and pursuant to the United States Sentencing Guidelines, is a mandatory minimum of twelve years and a maximum of twenty-four years.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Ryan Ellison
  United States Attorney
Brittany DuChaussee
Mark Probasco
Zach Jones
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Nicholas T. Hart
Harrison & Hart, LLC
Albuquerque, New Mexico

*Attorneys for the Defendant*